# EXHIBIT A

# General Information

**NAME:**

Rigdon III, Mitchell V. vs. Home Depot USA, Inc.

Practice Area Acceptance

# Notice of Service of Process

| | |
|---:|:---|
| **Entity:** | Home Depot USA, Inc. |
| **Title of Action:** | Rigdon III, Mitchell V. vs. Home Depot USA, Inc. |
| **Document(s) Type:** | SUMMONSCOM |
| **Nature of Action:** | DIS |
| **Court:** | Lake County Circuit Court |
| **Case Number:** | N/A |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 8/3/20 |
| **Date Served:** | 8/3/20 |
| **Answer or Appearance Due:** | 20 |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender:** | Kenneth M. Hesser |

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR
LAKE COUNTY, FLORIDA

MITCHELL V. RIGDON III,

    Plaintiff,

CASE NO.: 35-2020-CA-001121

vs.

HOME DEPOT USA, Inc

    Defendant.

Date: 8/3/20    Time: 1075?

MCN #111 is a certified process server in the Circuit and County Courts in and for the Second Judicial Circuit

**SUMMONS**

THE STATE OF FLORIDA
To Each Sheriff of the State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

    HOME DEPOT USA, Inc.
    Corporation Service Company
    1201 Hays Street
    Tallahassee, FL 32301-2525

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is:

    **HESSER & KIPKE**
    **P.O. BOX 773609**
    **OCALA, FLORIDA 34477**

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and seal of this Court on the 21 day of July, 2020.

    GARY J. COONEY,
    **CLERK OF THE COURT**
    BY: _____Davis_____
    **DEPUTY CLERK**
    PO Box 7800
    Tavares, FL 7800
    Phone: (352)742-4148

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photo copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene Viente (20) dias contados a patir del recibo de esta notificacion para contestar la demanda adjunta por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito; incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechose, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatemente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por sucuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera ursted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jaours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupre de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre response ecrite avec mention du numero de dossier ci-dessus et le nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisais par la suite, sans aucun preavis ulterieur du Tribunal. IL y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 109973839 E-Filed 07/08/2020 09:09:19 PM

|  |  |
|---|---|
| MITCHELL V. RIGDON III | IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR LAKE COUNTY, FLORIDA |
| Plaintiff, | CASE NO.: |
| vs. | DIVISION: |
| HOME DEPOT USA, Inc. | |
| Defendant. _____/ | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MITCHELL V. RIGDON III ("PLAINTIFF"), by and through his undersigned attorneys, and files this Complaint against Defendant, HOME DEPOT USA, Inc. ("DEFENDANT"), respectfully stating unto the Court the following:

1. This is a cause of action for damages in excess of $15,000.00.

2. At all material times, PLAINTIFF was a resident of Lake County, Florida.

3. At all material times, DEFENDANT was a foreign corporation authorized to and doing business in Lake County, Florida.

4. At all material times, DEFENDANT acted through its agents, servants and employees, including PLAINTIFF.

5. At all material times, PLAINTIFF was a Florida resident, who worked, *inter alia*, in Lake County, Florida.

6. PLAINTIFF is, at all material times, over the age of 40. PLAINTIFF has been diagnosed with Post Traumatic Stress Disorder ("PTSD"), depressive disorder, and squamous cell carcinoma. He is a member of a protected class for both age and handicap.

Page 1 of 8

7. This action arises under and is filed pursuant to the Florida Civil Rights Act of 1992 ("FCRA"), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq (FMLA"). This court has jurisdiction under these Acts.

8. Relevant acts or omissions were committed in Lake County, Florida, and PLAINTIFF suffered harm in Lake County, Florida.

9. PLAINTIFF has exhausted all administrative remedies and received a "Right to Sue" letter from the Equal Employment Opportunity Commission on or about April 14, 2020.

10. DEFENDANT, at all times material herein, was an "Employer" as that term is defined by the FCRA and employed 15 or more employees for purposes of coverage under the FCRA

11. In 2007, DEFENDANT hired PLAINTIFF, who worked most recently as an associate/puller at the Leesburg, Florida store. PLAINTIFF was employed in this position at all times relevant to this action.

12. In late 2018, PLAINTIFF applied to the Veterans' Administration for benefits related to Post Traumatic Stress Disorder ("PTSD"), and persistent depressive disorder. PLAINTIFF made DEFENDANT aware of this diagnosis. PLAINTIFF had also made employer aware of his diagnosis of carcinoma, and for a period of time, was granted eligible FMLA leave accordingly. PLAINTIFF was listed as a "protected veteran" with DEFENDANT.

13. Upon applying for these benefits and reporting his additional diagnoses of PTSD and depressive disorder in late 2018 to DEFENDANT, PLAINTIFF was denied requests for his remaining FMLA leave by DEFENDANT.

14. Subsequent to informing his supervisors at DEFENDANT of his diagnosis in late 2018, Plaintiff was treated in a retaliatory manner by DEFENDANT,

15. DEFENDANT was ultimately terminated by PLAINTIFF on or about December 31, 2018.

16. Prior to his termination, PLAINTIFF was a valuable employee of DEFENDANT with an exemplary record for approximately 12 years. PLAINTIFF received consistently positive appraisals and reviews throughout his tenure with DEFENDANT.

17. At least one other similarly situated employee of DEFENDANT, individual or individuals under the age of 40, were not subjected to the same adverse employment action as PLAINTIFF, that is, said similarly situated individuals were *not* terminated for following company policy.

18. PLAINTIFF's depressive disorder, PTSD, and carcinoma condition are permanent conditions and/or injuries that limit one or more of his major life activities, and PLAINTIFF is an individual with a disability/handicap within the meaning of the FCRA.

19. PLAINTIFF is an individual who was regarded by DEFENDANT as having a physical or mental impairment that substantially limits one or more of his major life activities.

20. PLAINTIFF has a record of a physical impairment that substantially limits one or more of his major life activities which DEFENDANT had knowledge of.

21. PLAINTIFF was qualified for his position, with or without a reasonable accommodation, and capably performed his duties with DEFENDANT

22. PLAINTIFF, after his employment was terminated, was replaced with and/or his duties assigned to an employee without a disability, or under the age of 40.

23. At least one other similarly situated employee of DEFENDANT, non-handicapped individual or individuals, and/or under the age of 40, were not subjected to the same adverse employment action as PLAINTIFF, that is, said similarly situated individuals were *not* terminated

for following company policy.

24. All conditions precedent to the filing of this lawsuit have been satisfied.

## COUNT I
### Florida Civil Rights Act (Age Discrimination)

25. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

26. This is an action for age discrimination in violation of the Florida Civil Rights Act, based on DEFENDANT'S disparate treatment of PLAINTIFF when compared to his peers who worked for DEFENDANT, and who were hired to replace PLAINTIFF. PLAINTIFF is over 40 years of age and thereby a member of a protected class.

27. PLAINTIFF was terminated from a position for which he was qualified, while younger individuals kept their jobs, and younger individuals were hired to replace PLAINTIFF.

28. Upon information and belief, the reason that PLAINTIFF received the above-described adverse employment actions was his age, and PLAINTIFF'S age was a substantial factor in making the adverse employment decisions.

29. As the result of the above-described actions, PLAINTIFF has suffered mental anguish, emotional distress, shame, embarrassment and humiliation and he continues to suffer these things.

**WHEREFORE**, PLAINTIFF, demands judgment against DEFENDANT for damages in an amount to be determined at trial, injunctive relief in the form of reinstatement to his former position, and an Order enjoining further discrimination; front pay if appropriate, compensatory

damages, together with costs incurred and attorney's fees, and further demands a trial by jury on all issues so triable.

## COUNT II
### Florida Civil Rights Act (Disability Discrimination)

30. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

31. PLAINTIFF's PTSD and depressive disorder, are permanent conditions and /or injuries that limit one or more of his major life activities, and PLAINTIFF is an individual with a handicap within the meaning of the FCRA.

32. PLAINTIFF is an individual who is regarded by the DEFENDANT, as having a handicap in that the DEFENDANT believed that the PLAINTIFF had a physical or mental impairment that substantially limits one or more of his major life activities.

33. PLAINTIFF engaged in protected activity by requesting reasonable accommodation(s), including his notification to DEFENDANT of his VA application and request for leave, specifically his carcinoma, PTSD, and symptoms/diagnosis of depression in late 2018.

34. By reason of each and every act as alleged, DEFENDANT unlawfully discriminated against PLAINTIFF by terminating his employment because of his disability, his perceived disability and /or his record of disability, including but not limited to his need for reasonable accommodation(s), all in violation of the Florida Civil Rights Act.

35. DEFENDANT'S actions displayed intentional misconduct and/or gross negligence in that either DEFENDANT had actual knowledge of the wrongfulness of its conduct and the high probability of the damage to PLAINTIFF would result, and despite that knowledge, intentionally

pursued a course of conduct resulting in PLAINTIFF'S injuries and damages, or DEFENDANT'S conduct was so reckless and wanton in care that it constitutes a conscious disregard or indifference to the rights of PLAINTIFF.

36. As a direct and proximate result of DEFENDANT'S discriminatory actions, PLAINTIFF has suffered the loss of employment, loss of income, loss of fringe benefits, and suffered and continues to suffer emotional distress, humiliation, great expense, embarrassment, and damage to his reputation.

**WHEREFORE**, PLAINTIFF, demands judgment against DEFENDANT for damages in an amount to be determined at trial, injunctive relief in the form of reinstatement to his former position, and an Order enjoining further discrimination; front pay if appropriate, compensatory damages, together with costs incurred and attorney's fees, and further demands a trial by jury on all issues so triable.

### COUNT III
### Violation of the FMLA

37. The foregoing paragraphs are hereby incorporated by reference as though fully set forth herein.

38. PLAINTIFF had a "serious health condition" as defined by the FMLA, in that PLAINTIFF had an illness, injury, impairment or physical or mental condition, that involved "inpatient care" as defined in 29 C.F.R. §(a)(b), and PLAINTIFF worked at least 1,250 hours of service in the 12 months immediately preceding his need for leave.

39. PLAINTIFF is and was an "eligible employee" for purposes of FMLA coverage because he was employed for at least 12 months by DEFENDANT, and PLAINTIFF worked at least 1,250 hours of service in the 12 months immediately preceding his need for leave.

40. DEFENDANT was and is a covered "Employer" under the FMLA pursuant to 29 U.S.C. §2611 in that DEFENDANT was engaged in commerce, an industry or an activity affecting commerce and employed fifty (50) or more employees for each working day, during each of twenty (20) or more calendar weeks in the year 2018.

41. DEFENDANT determined matters governing and controlling the essential terms and conditions of PLAINTIFF'S employment.

42. Upon receiving notice of PLAINTIFF'S requested need for FMLA leave, DEFENDANT failed to timely provide PLAINTIFF with written notice of PLAINTIFF's rights and obligations under the FMLA, including the Notice of Eligibility and Rights and Responsibilities (WH-381) and/or the Designation Notice (WH-382).

43. PLAINTIFF reasonably relies to his own detriment on DEFENDANT'S approval of his request for FMLA leave, such that DEFENDANT were then, and are now, estopped from denying PLAINTIFF was an eligible employee entitled to FMLA leave.

44. PLAINTIFF engaged in statutorily protected activity when he repeatedly sought requested FMLA leave for his carcinoma diagnosis in late 2018, in addition to request for leave related his PTSD and depressive order diagnoses in late 2018.

45. By failing to provide PLAINTIFF with written notice of his rights under the FMLA, by denying PLAINTIFF his right to take leave under the FMLA, and by thereafter firing PLAINTIFF thus denying PLAINTIFF the right to be restored to his position, DEFENDANT unlawfully retaliated against PLAINTIFF, for his exercise and/or his attempt to exercise his rights under the FMLA, as proscribed by 29 U.S.C. §§2615(a)(1) & (2), and the Department of Labor's anti-retaliation regulation, 29 C.F.R. §825.220(b).

46. As a proximate result of DEFENDANT's unlawful retaliation, PLATINIFF lost wages, lost other compensation, lost benefits, and lost his job.

WHEREFORE, Plaintiff prays that judgment be entered for him for wages, employment benefits, and other lost compensation and monetary losses sustained as a result of such unlawful retaliation including back pay and front pat. In addition, PLAINTIFF prays for pre-judgment interest at the prevailing rate from the date of termination until the judgment on the award of wages, employment benefits and compensation and actual monetary losses. PLAINTIFF also prays for liquidated damages (doubling the award of interest, wages, employment benefits and other compensation lost), and for reasonable attorney's fees and costs and expenses of this action pursuant to 29 U.S.C. §2617 (a) (3). PLATINTIFF also respectfully requests any such other relief as this Court deems just and appropriate. PLAINTIFF requests a trial by jury

DATED: July 8, 2020

Respectfully submitted,

**HESSER & KIPKE**

_(signature)_

**Kenneth M. Hesser**
Florida Bar No.: 375720
PO Box 773609
Ocala, FL 34477
(352) 225-3044 TEL
(352) 400-4009 FAX
Ken@HKlawfl.com
*Attorneys for Plaintiff*